NOTE: CHANGES MADE BY THE COURT

Robert M. Kitson, SBN 214091
LITT, ESTUAR, HARRISON& KITSON, LLP
1055 Wilshire Boulevard, Suite 1880
Los Angeles, California 90017
Telephone: (213) 386-3114
Facsimile:  (213) 380-4585
rkitson@littlaw.com

Attorneys for Plaintiff
AMY DRIVER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| AMY DRIVER, | Case No.:  2:08-cv-06983-R-JTLx |
|---|---|
| Plaintiff, | [Hon. Manuel L. Real] |
| vs. | **CONFIDENTIALITY AND PROTECTIVE ORDER REGARDING DISCOVERY OF CONFIDENTIAL INFORMATION** |
| CITY OF LOS ANGELES, et al., | |
| Defendants. | |

This matter came before the Court on the submission of a stipulated confidentiality and protective agreement.  After reviewing the submission and finding good cause, this Court hereby enters the following **ORDER:**

The parties have stipulated that discovery in this case will involve the exchange of sensitive materials, including medial records, employment records, police internal affairs investigations documents, and other information of a private nature.  The parties intend that this information be kept confidential pursuant to the terms of this Confidentiality and Protective Order.  The parties, therefore, agree as follows:

1

1. Any party to this litigation, or counsel for such party may designate as "CONFIDENTIAL" any document, testimony or information or material disclosed through formal or informal discovery or otherwise in the course of this litigation, if the document, testimony, information or material is of a private, sensitive or personal nature, including medical records, employment records, or internal affairs investigation documents.  Such designation shall be made in the manner hereinafter set forth.  Such designation shall, without more, subject the information produced or provided under said designation to the provisions of this Confidentiality and Protective Order.

2. The parties must have a good-faith basis in fact and law that the material is confidential to designate it as such.  For example, the parties will not designate any publicly available material as "CONFIDENTIAL."  Material may be designated as "CONFIDENTIAL" by stamping the words "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" on the face of the writing, document or other information. Material may also be designated "CONFIDENTIAL" by a party, other than the party producing the material, by written notification that the material should be designated "CONFIDENTIAL" to the party who produced the material, or who initially obtained the material form a third party by subpoena or other means. A party receiving such a notification shall promptly re-produce the material with the designation "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" on the face of the writing, document or other information. Such re-production may be in electronic format, at the option of the party re-producing the material.

3. Any party, or counsel for such party, may designate deposition testimony or any portion of deposition testimony as "CONFIDENTIAL" by advising the court reporter and counsel (or party) of such designation during the course of the deposition.  Those portions are to be marked as such by the court reporter and are also to bear substantially the following designation: "Portions of this deposition were taken subject to the Confidentiality and Protective Order.  These portions

shall remain confidential and shall be treated according to the requirements of the Confidentiality and Protective Order."  Whenever any writing designated as "CONFIDENTIAL" is identified as an exhibit in connection with testimony given in this litigation, it shall be so marked and it shall be subject to all of the requirements of the Confidentiality and Protective Order.

4. Any party to this litigation, or counsel for such party may designate as "CONFIDENTIAL" its responses to interrogatories by labeling each response "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER."

5. "CONFIDENTIAL" material includes all material designated "CONFIDENTIAL," pursuant to the terms of this Order, as well as summaries and compilations derived from such confidential materials, including, but not limited to charts, tables, graphs and models.  If non-confidential information is contained in or otherwise derived from "CONFIDENTIAL" materials, such non-confidential information is not "CONFIDENTIAL" for purposes of this Order.

6. Except upon prior written consent of the party or counsel for the party asserting "CONFIDENTIAL" treatment or upon further order of this Court, documents, testimony, information or material designated as "CONFIDENTIAL" shall be held in confidence and shall be kept securely. Any Confidential Document or confidential information contained therein shall be used solely for the purpose of preparing for and conducting pretrial, trial, or appellate proceedings in this action.

7. Except as provided for herein, access to "CONFIDENTIAL" documents, testimony, information or materials, as well as written or oral summaries or accounts thereof shall be limited to:

   A. The Court and officers of the Court, provided that
       i. If "CONFIDENTIAL" documents, testimony, information or materials are attached to any filings or submissions to this Court, such attachments shall be filed under seal; and

  ii. If "CONDIFENTIAL" testimony or information is contained in the body of any filings or submissions to this Court (e.g., if "CONFIDENTIAL" documents, testimony or materials are directly quoted or summarized), the entire filing or submission shall be made under seal.

  iii. If any information designated "CONFIDENTIAL" is included in any papers to be filed in Court, such papers shall be accompanied by an application to file the papers or the confidential portion thereof (if such portion is segregable) <u>under seal</u>. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portion thereof subject to the sealing application shall be lodged under seal.

B. The Plaintiff and counsel for the Plaintiff in this matter, including attorneys, law clerks, paralegals, administrative staff, consultants and other employees or contractors who are assisting in the prosecution of this litigation.

C. The Defendants and counsel for the Defendants in this matter, including attorneys, paralegals, administrative staff, consultants and other employees or contractors who are assisting in the defense of this litigation.

D. Witnesses or potential witnesses (and their counsel) in preparation for or during the course of depositions, hearings, interviews or trial in this action.

E. Expert witnesses and consultants (including independent experts and jury consultants and employees or clerical assistants of said experts) who are employed, retained or otherwise consulted by counsel or a party for any purpose.

    F.  Any mediators used to attempt resolution of this litigation.

    G.  Court reporters and their assistants and administrative staff.

8. Except as provided for herein, no person having access to "CONFIDENTIAL" documents, testimony, information or materials designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" shall make public disclosures of those materials of that information without further order of this Court.

9. No party (including any individuals mentioned in 7(B)-(C) shall, for itself or any other person acting on its behalf, make more copies of any "CONFIDENTIAL" information or material than are reasonably necessary to conduct this litigation.

10. Documents, testimony, information or materials marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall not be disclosed to any expert or consultant unless such expert or consultant executes the Confidentiality Agreement which is attached to this Order and incorporated herein by this reference.

    Copies of all such executed Written Assurances shall be promptly sent to and retained by counsel or representative for the party retaining the expert or consultant.

11. If any party, or such party's counsel or representative, objects to the designation of any document, testimony, information, or material as "CONFIDENTIAL," the parties shall meet and confer in an effort to resolve any such dispute within fifteen (15) working days of receipt of this objection. If the parties are unable to resolve such dispute, the party designating the material as "CONFIDENTIAL" may bring a motion to have the contested information declared "CONFIDENTIAL."

12. This Confidentiality and Protective Order shall remain in full force and effect until such time as any other Order affecting this Confidentiality and

Protective Order is entered by the Court.  At the Final Pretrial Conference, the parties shall submit a proposal to the Court for handling the "CONFIDENTIAL" materials during the course of trial.

13.     Upon conclusion of this action, including any subsequent appeals, upon written request by the producing party, all originals and copies of "CONFIDENTIAL" documents, testimony, information, or material (and all summaries thereof) shall be returned to the producing party of the producing party's counsel or representative or destroyed, unless otherwise ordered by the Court for good cause shown, the return or destruction of such materials is prohibited by law, or the document has been filed with the Court or used as an exhibit.

14.     Any Party may petition this Court concerning a violation of this Order, requesting any available remedies, including, but not limited to, contempt proceedings.

15.     Entering into, agreeing to and/or complying with the terms of this Confidentiality and Protective Order shall not:

    (a) operate as an admission that any particular discovery material constitutes, contains or contains or reflects confidential matter;

    (b) prejudice in any way the rights of any party to object to the production of documents or information it considers not subject to discovery, or to seek a Court determination whether particular discovery materials should be produced;

    (c) prejudice a party from seeking modification of this Confidentiality and Protective Order by stipulation or by application to the Court by noticed motion;

    (d) prejudice a party from seeking further protection of any confidential information by stipulation, by application to the Court by noticed motion, or by the Court's Trial Order in this case; and

(e) affect the obligations of any party or person to comply with the terms of any compulsory process.

17. This Confidentiality and Protective Order may be modified by agreement of the parties, subject to approval of the Court.

18. This Confidentiality and Protective Order may be modified, changed, or altered by the Court at any time.

The Protective Order shall not apply to any document disclosing a violation of law or order of a court of competent jurisdiction.

March 25, 2009                                   _____
Dated                                            HON. MANUEL L. REAL
                                                 UNITED STATES DISTRICT JUDGE

## EXHIBIT 'A' TO PROTECTIVE ORDER
## CONFIDENTIALITY AGREEMENT PURSUANT TO PROTECTIVE ORDER

I, (name of individual), have read and fully understand the Confidentiality and Protective Order entered on _____, 2009, in the action entitled *Amy Driver v. City of Los Angeles, et al.,* in the United States District Court for the Central District of California, Case No. 2:08-cv-06983-R-JTLx.  I am familiar with and agree to comply with and be bound by the provisions of said Order and submit myself to the jurisdiction of the United States District Court for the Central District of California for any proceedings with respect to said Confidentiality and Protective Order.  I will not divulge to persons other than those specifically authorized by said Order, or copy or use, except solely for the purposes of this action, any material or information obtained pursuant to said Order except as specifically permitted by the Court.

Dated: _____        _____
                            (Signature)

                            _____
                            (Address)

                            _____

                            _____
                            (Telephone number)